UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-02046 JVS (DFMx) | Date | February 23, 2015 |
| Title | Scott v. Gino Morena Enter. L.L.C., et al. | | |

Present: The Honorable   James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS)**
                   **Order Denying Plaintiff's Motion to Remand** (Fld 1-23-15)

**The Court, having been informed by the parties in this action that they submit on the Court's tentative ruling previously issued, hereby DENIES plaintiff's motion to remand and rules in accordance with the tentative ruling as follows:**

Plaintiff Taylor Scott ("Scott") moves to remand this case to the Orange County Superior Court from which it was removed. (Motion to Remand ("Mot."), Docket ("Dkt.") No. 10.) Defendants Gino Morena Enterprises, L.L.C. ("GME") and Judy Lifesy ("Lifesy") (collectively, "Defendants") oppose. (Opposition to Mot. ("Opp'n"), Dkt. No. 11.) Scott has replied. (Reply, Dkt. No. 13.)

For the following reasons, the Court **DENIES** Scott's Motion to Remand.

I.   **Background**[1]

In April 2011, Scott began working at GME in the San Mateo barbershop at Camp Pendleton. (Notice of Removal ("Not. of Removal"), Ex. 1 (Complaint, ("Compl."), ¶ 9), Dkt. No. 1.) Scott provided haircuts and sold hair products. (Id. at ¶ 11.) The barbershop's manager, Lifesy, engaged in a pattern and practice of what Scott viewed as

---

[1] Unless otherwise indicated, at this time the Court considers any facts stated in this section as only alleged and not as true.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 14-02046 JVS (DFMx)                    Date   February 23, 2015

Title   Scott v. Gino Morena Enter. L.L.C., et al.

sexually harassing behavior while supervising Scott. (Id. at ¶¶ 12–13.) After Scott tried to end the harassing behavior, Lifesy took various retaliatory actions against Scott such as decreasing the temperature in the barbershop, pushing Scott, and yelling at Scott. (Id. at ¶¶ 13–15.) Scott left the barbershop for another job, but then returned in February 2013. (Id. at ¶¶ 16–18.) Upon Scott's return, Lifesy continued to engage in behavior that Scott viewed as sexually harassing and again retaliated against Scott after she tried to end the behavior. (Id. at ¶¶ 18–19.) Although Scott complained to a GME general manager, GME did not take any action regarding Lifesy's behavior towards Scott. (Id. at ¶¶ 10, 20.) Scott ended her employment with GME in December 2013 and has obtained right to sue letters from the California Department of Fair Employment and Housing. (Id. at ¶¶ 22–26, Ex. 1–2.)

Scott filed the present action in Orange County Superior Court on November 20, 2014 and alleged three causes of action based on violations of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940 et seq., and one common law cause of action for wrongful termination. (Id. at ¶¶ 27–51.) Defendants removed the action to this Court on December 24, 2014. (Not. of Removal.) Scott now seeks to remand the action to the state court from which it was removed.

II.   **Legal Standard**

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quoting Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c); see also Maniar v. FDIC, 979 F.2d 782, 786 (9th Cir. 1992). A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 14-02046 JVS (DFMx)                              Date  February 23, 2015

Title  Scott v. Gino Morena Enter. L.L.C., et al.

district court lacks power to order a remand in violation of Section 1447(c).  Id.

III.  **Discussion**

Scott argues that Defendants' removal was procedurally improper and that the Court lacks subject matter jurisdiction.  The Court addresses each argument in turn, as well as the respective requests for judicial notice and evidentiary objections that arose in conjunction with these arguments.

A.  Removal Procedure

Scott does not and could not contend that Defendants filed their Notice of Removal after the 30-day deadline as required by 28 U.S.C. § 1446(b);[2] rather, Scott argues that GME was a suspended business entity that lacked legal rights at the time of removal. (Mot., 9:19–10: 16.)  Thus, GME could not join in or consent to the removal pursuant to § 1446(b)(2)(A).

GME is an LLC, or a limited liability company.  As such, its capacity to engage in litigation is governed by the law of the state of where this Court is located—California. Fed. R. Civ. P. 17(b)(3). California Corporations Code § 17702.09 requires every LLC to file a statement of information.  If an LLC fails to file such a statement for twenty-four months, then the Secretary of State must notify the LLC that its powers, rights, and privileges will be suspended if it fails to file the statement after sixty days.  Cal. Corp. Code §§ 17713.10(a)–(c).  Suspension results if the LLC fails to file the statement within those sixty days.  Id.  However, once suspended, an LLC may file the requisite statement to gain relief from the suspension and restore its powers, rights, and privileges so long as the LLC is not held in suspension by the Franchise Tax Board.  Cal. Corp. Code § 17713.10(d).

Scott provides evidence that GME was suspended as of January 20, 2015, (Declaration of Armond Jackson in Support of Mot. ("Jackson Decl."), Ex. 3, Dkt. No.

---

[2] Defendants assert they were served with the summons and complaint on November 26, 2014 and they filed their Notice of Removal on December 24, 2014.  (Not. of Removal, ¶¶ 2–3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-02046 JVS (DFMx) | Date | February 23, 2015 |
| Title | Scott v. Gino Morena Enter. L.L.C., et al. | | |

10-1),[3] because GME failed to file a statement of information pursuant to California Corporations Code § 17702.09 (Request for Judicial Notice ("RJN") in Support of Opp'n, Ex. 4, Dkt. No. 11-2).[4] GME's LLC status continued to be suspended until at least February 6, 2015. (RJN in Support of Reply, Ex. 1, Dkt. No. 13-1.) However, Scott does not provide evidence that GME's LLC status was suspended as of the date of removal—December 24, 2014.[5] However, even assuming that GME's LLC status was suspended as of the date of removal, Scott's argument still fails.

Scott relies heavily on Palm Valley Homeowners Assoc., Inc. v. Design MTC, 85 Cal. App. 4th 553, 559–61 (Cal. Ct. App. 2000), which involved a *corporation* as opposed to an LLC. Scott fails to recognize this distinction, but the Court concludes that an analogy to Palm Valley is warranted because the California statutory requirements regarding the filing of a statement of information by an LLC is nearly identical to the statutory requirements for a corporation. Compare Cal. Corp. Code §§ 17702.09, 17713.10 (LLC requirements) with Cal. Corp. Code §§ 1502, 2205 (corporation requirements). Palm Valley held that a corporation suspended for failing to file a statement of information is "disabled from participating in any litigation activities." Palm Valley, 85 Cal. App. 4th at 559–61. The court relied on the fact that the suspension statutory language mirrored that of California Revenue and Taxation Code § 23301, which suspended a corporation's power, rights, privileges for failing to pay taxes and had already been held to prevent a corporation from engaging in litigation. Id. Thus, as an LLC that failed to file the required statement of information and consequentially had its powers, rights, and privileges suspended, GME was disabled from participating in litigation activities at the time of removal.

---

[3] The Court may take judicial notice of matters of public record, such as the status of GME's status as an LLC, if, as is the case here, the facts are not "subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); see Fed. R. Evid. 201(b).

[4] For the same reason stated in footnote 3, the Court also takes judicial notice of the California Secretary of State website's explanation of the "SOS Suspended" status that is indicated on Scott's evidence of GME's status as an LLC.

[5] But given the sixty-day notice requirement before suspension occurs, it is clear that GME did not have a required statement of information on file with the Secretary of State on the date of removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 14-02046 JVS (DFMx)                    Date  February 23, 2015

Title  Scott v. Gino Morena Enter. L.L.C., et al.

     However, this situation is similar to that in Page v. Children's Council, 2006 WL 2595946 at *2 (N.D. Cal. Sept. 11, 2006). In Page, the corporation defendant's status as a corporation was suspended at the time of removal due to its failure to file a timely statement of information, but the defendant revived its status after removal. Id. at *1. Here, GME's controller admits that he was unaware that GME's outside filing service had failed to file a timely statement of information for the LLC as required by California law. (Declaration of John Charckton ("Charckton Decl."), ¶ 2, Dkt. No. 11-4.) Upon discovering this error, he filed the required statement and obtained a confirmation receipt for submitting the statement on January 26, 2015. (Id. at ¶ 2; Ex. 1–2.) GME's status as an LLC was revived and in good standing as of February 12, 2015. (Supplemental RJN in Support of Opp'n, Ex. 5, Dkt. 14-2.)[6] Thus, GME is in the same position as the corporation defendant in Page.[7]

     Similar to Page, the question here is whether GME's revival as an LLC retroactively validated the actions taken during the suspension. When deciding on retroactive validation based on a corporation's revival, Page noted that, "[u]nder California law, '[p]rocedural acts in the prosecution or defense of a lawsuit are validated retroactively by corporate revival. Most litigation activity has been characterized as procedural for purposes of corporate revival.'" Page, 2006 WL 2595946 at *2 (quoting Benton v. Cnty. of Napa, 226 Cal. App. 3d 1485, 1490 (Cal. Ct. App. 1991)). As a result, the court had to determine whether filing a notice of removal was a "procedural act." Page, 2006 WL 2595946 at *2. The court concluded that like "most actions undertaken in litigation," filing a notice of removal was a procedural act. Id. at *3–*4. Thus, the corporation defendant's "revivor retroactively validated their otherwise-proper Notice of

---

     [6] Scott urges the Court to exercise its discretion pursuant to Local Rule 7-12 and not consider Exhibit 5 in Defendants' Supplemental RJN. (Objection by Plaintiff to Defendants' Supplemental Evidence, Dkt. No. 15.) The Court declines to exercise its discretion pursuant to Local Rule 7-12. Given that Scott did not notify Defendants during their Local Rule 7-3 meet and confer that it planned to challenge GME's LLC status (Opp'n, 11:13–12:2), GME should have the opportunity to present evidence beyond the set the deadlines that it has revived its LLC status.

     [7] Page is also similar to the present case because it involved an individual defendant, like Lifesy, who removed the case in conjunction with the business entity defendant. Page, 2006 WL 2595946 at *1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 14-02046 JVS (DFMx)    Date  February 23, 2015

Title  Scott v. Gino Morena Enter. L.L.C., et al.

Removal." Id. at *4. If filing a notice of removal can be validated by a corporate revival, the Court sees no reason why such a procedural act cannot be validated by an LLC revival. Therefore, even assuming that GME's LLC status was suspended at the time of removal, its current active standing as an LLC retroactively validates its filing of the Notice of Removal.[8] Defendants' Notice of Removal met the procedural requirements of 28 U.S.C. § 1446(b).

      B.    Federal Question Subject Matter Jurisdiction

Scott also argues that remand is warranted because the Court lacks federal question subject matter jurisdiction. More specifically, Scott emphasizes that she is only alleging state law tort claims and thus "federal question jurisdiction should not be exercised." (Mot., 7:20–21.) However, "[f]ederal courts have federal question jurisdiction over tort claims that arise on 'federal enclaves.'" Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1250 (9th Cir. 2006); 28 U.S.C. § 1331. Land is a federal enclave when the United States acquires land, by purchase or condemnation for any of the purposes mentioned in Article I, section 8, clause 17 of the U.S. Constitution,[9] within the borders of a State and does so with consent from that state's legislature at the time of acquisition or after. Paul v. United States, 371 U.S. 245, 264 (1963). Camp Pendleton, where all of the actions

---

      [8] GME's current active standing also retroactively validates its filing of an Opposition Brief and submission of evidence as part of that Brief, thereby mooting Scott's objections to any evidence presented by GME. (Objection by Plaintiff to Evidence Presented in Opp'n, Dkt. No. 13-3); see Page, 2006 WL 2595946 at *4 ("The California courts have retroactively validated a range of litigation activities which typically have deadlines, such as defending an action, undertaking discovery, and filing an appeal.").

      [9] Article I, section 8, clause 17 of the U.S. Constitution provides:

> To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-02046 JVS (DFMx) | Date | February 23, 2015 |
| Title | Scott v. Gino Morena Enter. L.L.C., et al. | | |

giving rise to Scott's causes of action occurred (Compl., ¶¶ 2, 9), is a federal enclave. Stiefel v. Bechtel Corp., 497 F. Supp. 2d 1138, 1144–45 (S.D. Cal. 2007) (taking judicial notice that Camp Pendleton is a federal enclave acquired by the United States no later than December 31, 1942).[10] Therefore, the Court has federal question jurisdiction over Scott's state law claims because they arise from actions which allegedly occurred at a barbershop on a federal enclave.

However, Scott tries to get around the Court's federal enclave jurisdiction. Even though federal law and preexisting state law not inconsistent with federal policy applies on a federal enclave, Paul, 371 U.S. at 263–64, she argues that her three FEHA causes of action are "not precluded by the federal enclave doctrine to the extent the relief sought is purely emotional injury." Kasperzyk v. Shetler Sec. Servs., Inc., 2014 WL 31434 at *13 (N.D. Cal. Jan. 3, 2014); (Mot., 7–8.) Kasperzyk held that 16 U.S.C. § 457,[11] which one of the parties in that case characterized as "expressly allow[ing] for modern state law to apply on a federal enclave," permits state FEHA claims seeking relief only for emotional injury despite the federal enclave doctrine. Kasperzyk, 2014 WL 31434 at *11, *13. Scott relies on Kasperzyk to contend that so long as the Court grants her request to amend her Complaint to only seek relief for emotional injuries, the Court is divested of federal question jurisdiction.

This conclusion is incorrect for two reasons. First, "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." Sparta Surgical Corp. v. Nat'l Assoc. of Sec. Dealers, Inc., 159 F.3d

---

[10] In deciding whether to take judicial notice that Camp Pendleton is a federal enclave, Stiefel considered the same evidence Defendants present in Exhibits 3 and 4 to its Request for Judicial Notice in Support of Opposition. 497 F. Supp. 2d at 1144. This renders moot Defendants' request for judicial notice of Exhibits 3 and 4.

[11] "[I]n any action brought to recover on account of injuries sustained in any [place under the exclusive jurisdiction of the United States] the rights of the parties shall be governed by the laws of the State within the exterior boundaries of which it may be." 16 U.S.C. § 457. The Court notes that § 457 was repealed in Section 7 of PL 113-287 on December 19, 2014, but that the repeal did not apply to proceedings that began before the enactment of the law. National Park Service and Related Programs, 2014, PL 113-287, 128 Stat. 3094. If § 457 was applicable, this repeal would not affect its applicability because this case began before December 19, 2014.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 14-02046 JVS (DFMx)  Date  February 23, 2015

Title  Scott v. Gino Morena Enter. L.L.C., et al.

1209, 1213 (9th Cir. 1998) ("[A] plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based.")  Thus, Scott's request to amend her Complaint is of no consequence to this Court's subject matter jurisdiction and is accordingly denied.  Second, Scott misreads Kasperzyk and misunderstands its applicability here.  That case ruled on a motion to dismiss, not a motion to remand.  Kasperzyk, 2014 WL 31434 at *3.  Moreover, subject matter jurisdiction was not discussed in Kasperzyk because it was not at issue.  The very fact that the federal district court in Kasperzyk substantively ruled on a motion to dismiss means that the court retained subject matter jurisdiction.

Therefore, Scott's offer to amend her Complaint and her reliance on Kasperzyk do not detract from the Court's federal question subject matter jurisdiction.

IV.  **Conclusion**

For the foregoing reasons, the Court **DENIES** Scott's Motion to Remand.

**IT IS SO ORDERED.**

0 : 00

Initials of Preparer  kjt